Case 13-3872 U.S.A. v. Paul Musgrave. Oral argument, 15 minutes per side. Ms. Young for the appellant. Good morning. Good morning. If it please the Court, Mary Beth Young on behalf of the United States. I'd like to reserve three minutes for rebuttal. Very well. The United States appeals a one-day sentence imposed on defendant Musgrave following convictions by a jury for bank fraud, wire fraud, and conspiracy. Musgrave's offenses caused a loss of $1.7 million to a bank and the Small Business Administration. His guideline range was 57 to 71 months. The District Court's downward variance to impose a one-day sentence with credit for time served during a day of processing was substantively unreasonable. Well, now the government agreed to a little variance down to, what, 30 months or something like that? Yes, Your Honor. The government's recommendation was 30 months, which while below the guidelines is obviously considerably greater. And as you know, this Court and the Supreme Court have indicated that the greater the variance from the guideline range, the more substantial the justifications must be. So we don't think that the justifications here were adequate to support the degree of variance that was given. The District Court's analysis contained four errors, which I'll summarize and then elaborate on. First, the Court relied on an analysis this Court has specifically rejected in looking at the collateral consequences of the conviction and prosecution as themselves constituting significant punishment. Second, the District Court gave no consideration to the need for general deterrence. Third, the Court gave inadequate weight to several factors that tended to support a greater sentence, including the seriousness of the offense and the guideline range. And fourth, the Court gave excessive weight to Musgrave's history and characteristics as reasons to vary downward. As to the collateral consequences, the District Court emphasized that Musgrave had, quote, already been punished extraordinarily because of the facts of his conviction and prosecution. The Court pointed to the legal fees he had incurred, the likely loss of his CPA license, and the, quote, four years of hell he had been through, noting that those were significant punishment. This reasoning was not compatible with this Court's analysis in Peppel or in Bissine 1. Both of those cases squarely reject reliance on negative collateral consequences as themselves reflecting the seriousness of an offense. As this Court explained in Bissine 1, relying on those sorts of considerations, quote, supports shorter sentences in cases with defendants from privileged backgrounds. I was going to say that happens in most white-collar situations, I suppose. If you have a lawyer or a CPA or some kind of professional, they suffer all these consequences. Right, and that's exactly the concern that this Court has expressed. Those are the defendants who a District Court might perceive as likely to suffer the most in terms of financial or career or community status-type collateral consequences, so that considering that has a disparate effect. And, in fact, the District Court's analysis here confirms that very problem, most clearly in the courts looking at the fact that the defendant Musgrave had incurred significant legal fees, obviously a factor that only a defendant who could afford a retained attorney would have in play. The Court also failed to give any consideration to the need for general deterrence. Whenever the District Court was considering deterrence, it turned immediately and only to look at the need for specific deterrence of Mr. Musgrave himself, which the District Court considered not to be a significant factor. But it didn't analyze general deterrence. And that's despite the fact that this Court has pointed out in Pepple and elsewhere that in the white-collar area, these crimes are particularly good candidates for general deterrence because they tend to be planned, they tend to be more rational than perhaps some other crimes. And this Court has also held that a failure to consider general deterrence is substantively unreasonable. And I direct the Court to Comiskeone and Christman on that point. The lack of any attention to general deterrence was paired with an inadequate weight given to the seriousness of the offense and to the 57- to 71-month guideline range. Can I ask a question at this point that's more just kind of a... It's not directly pertinent to the factors you're addressing, but it's just kind of a get inside this case and figure out what's going on kind of a question. Everybody, you know, the government, the defendant, probation officer, everybody felt that in this case a below-guideline sentence was appropriate. And there seems to be some feeling that up to a point at least, Mr. Musgrave was Mr. Goldberg's victim. And then at some point he also became an offender. And I'm not sure I've got that right chronologically. And then yet at the end of the day it's Mr. Musgrave who sort of comes across as the primary offender. And yet everybody's obviously tempering what he was charged with and what he was convicted of with this other perception of him. Can you just comment on that from the United States' perspective and tell me if I've got that wrong in some key way? Your Honor is certainly understanding a factor that was important to the district court. And it's not inappropriate to consider the role of others in an offense and considering the seriousness of the offense conduct. But at the end of the day the jury heard Mr. Goldberg's story, they heard Mr. Musgrave's story, and they convicted Mr. Musgrave of wire fraud, bank fraud, and conspiracy. There was a Rule 29 and Rule 33 motion. The district court denied those. As he stands at sentencing, he stands convicted. And any consideration that the district court—I'm sorry. I understand that. And I don't mean to in any way minimize the verdict. The way we get here with Mr. Goldberg pleading on an information to a lesser charge and Mr. Musgrave with these fairly serious charges seems to be a little bit of a disconnect in terms of how the offense conduct started out and developed. And everybody in the case seems to have understood that to a point. And yet this is what Mr. Musgrave was charged with, this is what he was convicted of, and here we are. Is that off-base in any way? I don't think it's off-base, but I think, Your Honor, we come back to the point that a consideration that may be proper to justify some degree of downward variance may be quite inadequate to justify a greater down— I understand. I just wanted to make sure that I wasn't in some world in which I had sized this case up in a way that was out of touch with what the views of those who participated in it were expressing in their positions on a lesser sentence. Well, and I certainly don't want to suggest that the United States in any way agreed with the district court's characterization that Mr. Goldberg was necessarily the more responsible party here. The pre-sentence report had suggested perhaps they were equally culpable. The United States would point out that it was Mr. Musgrave who dealt directly with the bank, Mr. Musgrave who was responsible for submission of all the forms which the jury determined were fraudulent. So I very much want to make sure the United States makes clear that the district court's view of this case and Mr. Musgrave's role— Mr. Goldberg might indeed have taken advantage of Mr. Musgrave, but it was Mr. Musgrave who, at the end of the day, committed the federal offenses. Well, and Mr. Goldberg was convicted of a federal offense of misprision of felony. He pled guilty pursuant to a plea agreement after— He didn't plead guilty, for example, to conspiracy to commit bank fraud, wire fraud, whatever. He did not, Your Honor. He entered into a cooperation agreement and provided extensive cooperation, accepted responsibility for his conduct, and in that way was distinguished quite significantly from Mr. Musgrave in a way that the district court failed to adequately take into account. I think you've satisfied my—I didn't mean to take this much of your time. Not at all. Following up a little bit on the issue of sentencing disparity, as I understand, we're to look more toward national disparities between—in sentences in relation to the Section 3553 factors more so than disparities between co-defendants. Is that part of the thinking of the government here? Yes, Your Honor. While this court has recognized that it can be appropriate, the district court has a discretion to consider sentences among co-defendants. The primary focus of that 3553 factor is on national disparities. And as this court has also recognized, the guidelines themselves are intended to capture that national sentencing pattern so that in disregarding or giving little weight to the guidelines, the district court also leads itself into a situation where it's creating disparities nationally in its excessive focus on the co-conspirator here. The district court also gave excessive weight to some of Musgrave's personal characteristics, vocational skills, civic involvement in a way that this court has cautioned against in Pebble and Bisline. So for that reason, too, we feel that the one-day sentence here was substantially unreasonable and requires resentencing. Thank you. Thank you. Good morning. Good morning. May it please the Court, Christian Grostick on behalf of Mr. Musgrave in this case. Counsel, I'm left scratching my head trying to figure out how a defendant could get no jail time with offenses of this seriousness. What do you have to say about that? Well, certainly everyone from the outset agreed that he was deserving of a lesser sentence than a typical case and that the guidelines called for it. Well, that's really not the point, though. I mean, he wasn't given any jail time whatsoever here, and this just frankly seems almost outrageous. Well, I respectfully disagree. I mean, I think we start with Gall, which says, this court's to start with deference to the district court's decision that the 3553A factors justified a substantial variance in this case. But if the issue on appeal is whether the sentence was substantively unreasonable, we have to do a de novo review to determine that, don't we? We're not going to defer to a sentence without looking at all the factors when the issue is substantive reasonableness. Absolutely, this court looks at all the factors, but the Supreme Court has directly held it is not a de novo review. It is abuse of discretion review. In Gall, 552 U.S. 38, page 41, it's abuse of discretion review, which starts with deference to the district court's. Well, it is abuse of discretion review, but when we're talking about the use, for example, of an impermissible factor, that's really a question of law. That's right, that's right. So that's not abuse of discretion review. It's not like we consider whether it was within the district court's discretion to use an impermissible factor. If it's impermissible, you can't use it. That's right, and yet in substantive reasonableness review, we still look at the overall justification and the overall sentence under the district court's analysis, not disagreeing with the court's point at all. But this court, first of all, this court hasn't held that those factors are absolutely not to be considered. And, in fact, they conflict. It's pretty hard for me to read Pepl and Bisline as condoning the use of the factors or condoning even in certain circumstances the use of the factors that Judge Black used. I mean, they seem to be pretty much we don't consider the particular harmful effect on the defendant because of collateral consequences. Loss of his CPA license. That's right. Attorney's fees incurred. That's right, and specifically, though, those decisions focus on reflecting the seriousness of the offense and deterrence for all the reasons that have been pointed out already. But the sentencing guidelines explicitly say those factors should be considered, at least in terms of considering whether an appropriate fine. The Supreme Court has held that those factors, any factor, even those that conflict with the sentencing guidelines can be considered in Gall and Kimbrough. And what Judge Black did here was consider them in the context of what would be just punishment. And just punishment, he said, well, we have to take into account what are the ways he's been punished otherwise. And among the factors that the government points out is that he lost $300,000 to Mr. Goldberg. That's certainly a factor that he can take into account that isn't, they call it a collateral consequence of conviction. It's not. That's a factor that can be taken into account. And the loss of a license, for example, that's a factor. You absolutely can't consider that. Doesn't that really depend upon how you characterize the loss of the $300,000? I mean, you could say he lost the money to Mr. Goldberg, but you could just as easily say he lost $300,000 in pursuing a criminal scheme or, more precisely, a criminal conspiracy. That's right. And that's where the deference to Judge Black's decision comes into play. That's a question that he had to raise after sitting through the entire trial and after sitting through an extensive sentence hearing. And again, Gall pointed that out explicitly. The judge is in position to review all the evidence. He heard all of that. He was able to make credibility determinations. He concluded, reasonably so, it's supported in the record, that Goldberg was the primary actor here, that he was more culpable. And those factors include that Goldberg made off with all the money himself. He made $1.8 million. Judge Black said he was troubled because Goldberg got off so lightly in relation to Mr. Musgrave, but he didn't take into account that Mr. Goldberg accepted responsibility early in the proceedings and Mr. Musgrave went to trial. In fact, there was even an issue in the case as to whether Mr. Musgrave had committed perjury. That's right. The circumstances were just totally different. I agree that they were different, but I disagree that Judge Black ignored that. What he was looking at then was one defendant, Goldberg, who the government had determined an appropriate sentence, reviewing all of the appropriate factors. This is a big point in this court's decision in the United States v. Presley, that you can take into account a co-defendant sentence because it encompasses all of the factors except the individual history and circumstances of the defendant. So Judge Black was weighing between the two. Well, Goldberg did plead, did cooperate, and no question about it warrants a lesser sentence. But Musgrave was less culpable, and so he's balancing between these two. And there's no question on Judge Black's analysis that if Goldberg hadn't pled, he would receive a greater sentence than Musgrave. He was more culpable, he was more egregious, he took all of the money involved, he diverted $500,000 for his own purposes rather than complete the transaction, and it was his ninth plant that he had shipped off that didn't work. And yet, Mr. Musgrave didn't plead. So on balance, he concluded they should receive about the same sentence. That's not an abuse of discretion at all. In fact, in Presley, in this court's decision in Presley, the court concluded that a 240-month variance from 30 years down to 10, based solely, solely on the co-defendant's plea agreement with the government, was not an abuse of discretion. And the reason is, again, because it encompasses all the factors. It's a consideration that includes all of those. And yeah, it's absolutely appropriate that Goldberg would get a break for pleading and cooperating. But he's balancing between the two, and that's not an abuse of discretion. Right there we could stop, actually. He didn't plead or cooperate, but he lost the money and his conduct was less egregious. In Gall also, the Supreme Court was reviewing the government's argument in that case, addressing the government's argument, that because co-defendants took Mr. Gall got prison time, that the sentence given to Gall of no time in prison was an abuse of discretion. All I know is plenty of people who get convicted of shoplifting something worth $50 gets more time than your client. And this case seems to be very close in our circuit to the Bisline case. How do you square what happened here with Bisline? Respectfully, I think Gall is closer case than Bisline to this one. Gall is controlling from the U.S. Supreme Court. Mr. Muffs gave his long history of benefit to the community. You're not making an argument that Bisline violates Gall, are you? No, not at all. Absolutely not. Of course not. But we're talking about, again, abuse of discretion review, and we're talking about individual factors in every case. The Supreme Court's instructed, again, every individual must be taken into account as an individual, both their nature and circumstances of their offense and their history and characteristics. And, again, Gall's a good example. The court said it doesn't promote respect for the law if we say, in fact, it's on page 54, a sentence of imprisonment may not work to promote respect but derision of the law if it's seen solely as a means to dispense harsh punishment. And here, Mr. Goldberg pled. He absolutely deserved the break he got. But Mr. Musgraves, he got no time in prison, three years probation, and $1.7 million restitution. That's what I was thinking. Right. And Mr. Musgraves got one day in prison with credit for time served, three years supervisory release, and also that $1.7 million restitution, though he made nothing off of this, and he's paying that back now. That's a significant sentence by itself for somebody who's nearing retirement age. Doesn't it strike you as just absolutely remarkable that offenses of this magnitude in total, looking at Goldberg and Musgrave together, that somebody could do this with respect to committing bank and wire fraud? You can go to the bank, just lie, whatever, and there you are at the end of the day, and nobody does any time? I think in general, yes. Isn't that remarkable? It is remarkable. It's an unusual case. And we said that from the beginning. But again, everyone recognized it was an unusual case. What makes it unusual? What makes it unusual? You look at it in the way I do. Certainly, certainly. And I think the starting point is, again, everyone agreed that this was an unusual case. From the government's recommendation. Quite apart from what everybody agreed, why is it unusual? It's a pretty garden variety. It's pretty serious white-collar fraud. Respectfully, Judge Black determined this was not a garden variety case. It was Mr. Musgrave, rather than coming up ahead of time with a three-year scheme like in Pepple. He determined it was not a garden variety case. He really got to where he got by focusing on Mr. Musgrave in particular and a lot on these collateral consequences. He's supposed to focus on Mr. Musgrave in particular. He's supposed to focus on a few other things, too, though. Absolutely. In comparison with all the factors, absolutely. But again, he explicitly considered Mr. Musgrave, his characteristics, and the offense in comparison to the chart presented by the government, which was these 8 to 10 other what they said were similar cases in the Southern District of Ohio. He explicitly considered it in relation to those offenses, and he said, well, I'm looking at these. I know from the cases I've seen that Mr. Musgrave is far less culpable and has far less of the history and characteristics that would warrant a severe sentence than, for example, Eric Duke, who got a 25-month sentence, who the government presented to him. The government says this was actually error, but it wasn't error. This is what he's supposed to do. This is what Gall instructs him to do, actually, again, which is he's in a better position because he sees so many sentences to be able to weigh is this typical, is it not. It's at 552 U.S. at 52. They have an institutional advantage in doing this, and it was made bare here when the government presented this chart because he was able to look at explicitly what they put to him and say, no, this isn't like those cases. This is a gentleman who got wrapped up in something, started by Mr. Goldberg, and cut some corners. It's a severe sentence. I mean, it's a severe fraud, no question about it. It's a severe crime, but this isn't somebody that planned ahead that was coming up with a huge scheme ahead of time and played it out and then got caught at the end. This was somebody who got wrapped up in something that somebody else was organizing. Again, when we look back to Presley, this court's decision in Presley, he's explicitly permitted to take those into account, Mr. Goldberg's sentence, because it encompasses all of the factors. He weighed those and said, not an abuse of discretion here. He weighed those and said they should receive approximately the same sentence. Goldberg was more culpable in pled. Musgrave, less culpable, but he did go to trial. He prevailed at trial on much of what the government accused him of doing. The jury rejected what Mr. Goldberg testified against Musgrave as far as submitting these false invoices that the government says he did. He didn't. The jury acquitted him of that. Goldberg actually said, I did create these false invoices, but Musgrave told me to. But he was acquitted on that count. It's count 14. So Judge Black, after sitting through this entire trial, consistent with the jury's verdict where they found, yes, he's guilty, and no question about it, I'm not arguing anything else here. Yes, he's guilty, but not of everything the government says he did. Saw that Goldberg was more culpable, considered Goldberg's receiving a reasonable sentence with an appropriate reward for his cooperation and plea, but Musgrave's significantly less culpable, weighing all the factors, concluded he should receive about the same sentence, and so he did. And on abuse of discretion review, considering Gall, considering Presley, that's not an abuse of discretion. That's simply giving due deference to the district court on his evaluation of the factors and his conclusion that they warranted a significant variance in this case, just as Gall says to do at page 56 of that opinion. What's the best case you have where we have a no sentence in a case with a fraud of this magnitude that's been approved by the court? Certainly, United States v. Prospery out of the First Circuit was an 87 to 108-month guideline range where the government recommended a within-guideline sentence. It was over $5 million fraud, and the court there, considering many of the same factors, concluded no time in prison was warranted. But I'd also point to Gall again, which was a 30-month... Do you have anything out of our circuit? No, I don't. Other circuits have repeatedly affirmed sentences of no time in prison for all sorts of circumstances. This court hasn't yet done so in a white-collar case. It did do so in Stahl in a child pornography case, and that would be the closest case that this court has so far decided. But the universe of cases in all the courts of appeals have said that white-collar fraud cases aren't an exception to that rule. Sometimes, and this was one of those cases, on abuse of discretion review the judge's decision is appropriate. Thank you. Thank you. Any rebuttal? I have a few points. I'll see how many I get to. I wanted to point out, with regard to the seriousness of this offense, it's important to keep in mind that these are Class B felonies, which by statute would not have qualified for a probationary sentence under 18 U.S.C. 3561A. Now, even if the one day here takes us out of looking at a technical violation of that, it remains an important signal of how this judge's assessment of the seriousness of this offense compared to Congress's. And this is exactly a comparison this court looked at in the Davis case, the fact that this couldn't have qualified for probation by statute. Next, it bears noting that below, the defendant had suggested himself home detention as an option in arguing for a downward variance. And inexplicably, the district court didn't even take up that suggestion. If the court were concerned with some of the factors he mentioned about Musgrave's personal characteristics, such as his medical situation or his business, it's illogical that that would not at least have been taken up, further demonstrating an abuse of discretion and an unreasonableness in coming to this sentence. As to the co-defendants, the United States has not said that you can't consider a co-defendant in the assessment of disparities. Here, however, there was a preoccupation with this one situation. The United States had submitted national statistics, district statistics, a list of eight specific cases. Counsel says, oh, the district court looked at that. The district court looked at two. If you look at the sentencing transcript, he mentioned two cases that had been in front of him. And even as to those, didn't really explain why they were not comparable. Among them were a 33-month mortgage fraud case, a sentence of 33 months, a 60-month sentence in a mortgage fraud case, a 25-month sentence in a mortgage fraud case. Again, looking at Goldberg may have been permissible. Looking at him to the exclusion of other information was not. Counsel mentioned something about the fact that Musgrave was acquitted as to particular counts or parts of the scheme. Counsel's brief has suggested that the acquittal on false statement counts somehow carries over to take the similar or related conduct out of consideration in the fraud or conspiracy counts. As we note in the brief, that does not make sense. There's no reason that conduct was not still on the table as to those counts. If the court has no further questions, thank you. Thank you, and you may call the next case.